**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEELWORKERS PENSION TRUST, By<br>DANIEL A. BOSH, Chairman,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DAMAN INDUSTRIAL SERVICES, INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

1. This action arises from Defendant Daman Industrial Services, Inc.'s failure to pay the amount of its monthly pension contributions to Plaintiff Steelworkers Pension Trust ("SPT"), in violation of its Collective Bargaining Agreement ("CBA") with the United Steel, Paper, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service-Workers International Union (the "USW").

2. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

3. The SPT is a Pennsylvania non-profit corporation which maintains its principal place of business at 60 Boulevard of the Allies, Suite 600, Pittsburgh, Pennsylvania 15222.

4. Given that the SPT is administered in Pittsburgh, venue is appropriate in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

5. The SPT is a multiemployer plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6. The SPT is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

7. The SPT is a jointly administered employee benefit trust fund composed of an equal number of union and management trustees, established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. §186(c)(5).

8. Daniel A. Bosh, being Chairman of the SPT's Board of Trustees ("Board"), is duly authorized to act on behalf of the Board. Bosh and the Board are fiduciaries of the SPT within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

9. Defendant Daman Industrial Services, Inc. is engaged in the manufacturing business and maintains its principal place of business at 754 Kittanning Hollow Road, East Brady, Pennsylvania 16028.

10. Daman Industrial Services, Inc. submitted late and/or incorrect reports from September 2017 through August 2018 causing interest and liquidated damages to accrue from the date of each incorrect report.

11. In addition, Daman Industrial Services, Inc. has also failed to submit pension contributions reports and make payments of the principal contributions to the SPT for the period of September 2018 through August 2019; causing interest and liquidated damages to accrue from the date of each missed report.

12. The SPT has demanded that Daman Industrial Services, Inc. pay all amounts due and owing and to otherwise fix the above deficiencies but Daman Industrial Services, Inc. has ignored such demands.

## **COUNT I**

**UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C §§ 1132(g)(2) AND 1145.**

13. The SPT incorporates the foregoing allegations as if fully set forth herein.

14. Daman Industrial Services, Inc. is delinquent to the SPT under its CBA and 29 U.S.C. § 1145 for failing to fully comply with its contribution obligation to the SPT.

15. The SPT is therefore entitled to unpaid contributions, interest, liquidated damages, and attorneys' fees and costs under 29 U.S.C. § 1132(g)(2).

16. The SPT is entitled to unpaid contributions in the amount of $49,853.05, broken down as follows:

   a. $24,154.69 in a principal deficiency for the period of September 2017 through August 2018; and

   b. $25,698.36 in an estimated principal deficiency for failing to submit contribution reports from September 2018 through August 2019.

17. The SPT is entitled to interest on the unpaid contributions at a rate of 15% per year, per the SPT's Declaration of Trust (to which Daman Industrial Services, Inc. is bound by virtue of the CBA), in an amount that, to date, totals $19,077.11, broken down as follows:

   a. $8,863.82 in interest for failing to make timely payment of principal contributions to the SPT based on the period of September 2017 through August 2018; and

   b. $10,213.29 in interest for failing to submit contributions reports in September 2018 through August 2019.

18. After today, interest will continue to accrue on the unpaid contributions at the rate of $.28 per day (($49,853.05 x 0.15)/365 = $20.49), and the SPT remains entitled to collect the same until the termination of this case.

19. The SPT is entitled to liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C), for an amount equal to the greater of (i) interest on unpaid contributions, *i.e.,* a "double interest" penalty, or (ii) liquidated damages provided for under the plan, which, according to the Declaration of Trust, equals 10% of each missed payment.

20. To the extent the liquidated damages at 10% of each missed payment remain greater than the interest on the unpaid contributions, the liquidated damages total $16,178.10, broken down as follows:

    a. $6,804.15 in liquidated damages for failing to make timely payment to the SPT based on the period of September 2017 through August 2018; and

    b. $9,373.95 in liquidated damages for failing to submit contribution reports in September 2018 through August 2019.

21. The SPT is entitled to reasonable attorneys' fees, which are estimated at $17,021.65 through November 25, 2019, and costs. The SPT claims all reasonable attorneys' fees and costs incurred in the prosecution of this action until termination of this case.

22. In accordance with the above, Daman Industrial Services, Inc. is currently delinquent to the SPT in the total amount of $102,129.91. Because this amount will continue to increase as Daman Industrial Services, Inc. continues to ignore its contribution obligation, the SPT reserves the right to adjust its calculations and seek additional amounts as they become due and owing.

23. In all, Daman Industrial Services, Inc.'s failure to pay its monthly contributions, as required under the CBA, has caused the SPT to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension benefits to covered workers and their families.

WHEREFORE, the SPT demands the following relief:

    a.    For Daman Industrial Services, Inc. to be required to file complete and accurate monthly remittance reports with the SPT covering all aspects of Daman Industrial Services, Inc.'s business operations through the present; and

    b.    For Daman Industrial Services, Inc. to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records

   pertaining to hours worked by Daman Industrial Services, Inc.'s covered employees for the last three years to enable the SPT to verify the amounts due and owing to the SPT; and

c. For a money judgment in favor of the SPT and against Daman Industrial Services, Inc. in the sum of $102,129.91, plus such additional amounts shown to be owed to the SPT until termination of this case, plus liquidated damages, attorneys' fees, and costs of suit; and for such other and further relief as the Court may deem just.

      TUCKER ARENSBERG, P.C.

      *s/Neil J. Gregorio*
      Neil J. Gregorio, Esquire
      PA I.D. No. 90859
      Brian A. Pepicelli, Esquire
      PA I.D. No. 316605
      Ian M. Grecco, Esquire
      PA I.D. No. 324372
      Sloane B. O'Donnell, Esquire
      PA I.D. No. 321295
      1500 One PPG Place
      Pittsburgh, PA 15222
      (412) 594-3911

      Attorneys for Plaintiff

      Steelworkers Pension Trust, By
      Daniel A. Bosh, Chairman

TADMS:5237258-1 029107-187726